UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 98 CR 525-1 |
| | ) | |
| RODNEY M. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Rodney White to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the motion is denied.

## BACKGROUND

White robbed $9,750 from a bank in Chicago using a fake bomb and a gun. In the course of the robbery, he took a teller hostage and abducted her at gunpoint from the bank. He also pointed his gun at two security guards and engaged in reckless conduct in leaving the bank. He was convicted after a jury trial of violating 18 U.S.C. § 2113 (bank robbery) and 18 U.S.C. § 924(c) (using and carrying a firearm during a

crime of violence or a drug crime). He also obstructed justice by perjuring himself at trial.

White was sentenced in 1998, before United States v. Booker made application of the Sentencing Guidelines advisory. 543 U.S. 220, 125 125 S. Ct. 738, 738 (2005). Defendants convicted of § 924 violations were sentenced according to the dictates of U.S.S.G. §2K2.4. In the 1998 Guidelines, one of the application notes to §2K2.4 read as follows:

> Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., §2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense.

In the presentence report, the probation officer calculated the guideline range for the robbery conviction as follows: the base offense level was 20, and the probation officer added several enhancements for White's conduct during the robbery. In particular, White received a three-level enhancement for his use of the bomb pursuant to U.S.S.G. §2B3.1(b)(2)(E). The report noted that the gun could not form the basis for a weapon enhancement of the underlying robbery offense because it would constitute impermissible double counting. However, the officer opined that an enhancement for the bomb was appropriate because White was not charged with or convicted of a separate offense predicated on the bomb under § 924(c)(1)(B)(ii).

This court agreed with the probation officer's assessment and determined that White's offense level was 36; that, combined with his criminal history category of III, yielded a final guideline range of 235-293 months. He was sentenced at the top of that range for the bank robbery and also received a statutory minimum sentence of 60 months on the gun count. The sentences were consecutive, for a total term of incarceration of 353 months.

White appealed his sentence to the Seventh Circuit, arguing in part that punishing him under both § 924 and the guideline enhancement constituted impermissible double counting. The Seventh Circuit rejected this argument, noting that a § 924(c)(1)(B)(ii) conviction carried a mandatory minimum sentence of 30 years. See United States v. White, 222 F.3d 363, 374-76 (7th Cir. 2000). Because White's overall sentence was less than 30 years, the court of appeals concluded that there could be no argument that he was punished twice for his conduct in using the fake bomb. Id. at 376.

Shortly after White's appeal was decided, the Sentencing Commission promulgated Amendment 599, which revised the application note under § 2K2.4 addressing weapon enhancements. The new text reads as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when

> determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under 1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction.

The Commission specified that Amendment 599 was to have retroactive application. U.S.S.G. §1B1.10.

White now moves for a modification of his sentence under 18 U.S.C. § 3582(c)(2). That statutory section allows a court to reduce the sentence only when a defendant has been sentenced based on a sentencing range that is later lowered by the Sentencing Commission and only if such a reduction is consistent with the applicable Commission policy statements.

**DISCUSSION**

White's motion advances three arguments in support of his claim for relief under § 3582. The first centers on Amendment 599. The second points to postconviction rehabilitation. The third involves the manner in which his criminal history was calculated. Because § 3582 only provides relief when the requested reduction is the

- 4 -

result of a change in the Sentencing Guidelines, the second and third of White's arguments are not appropriately raised in this type of motion. Consequently, we will examine only his first contention.

White's argument with respect to Amendment 599 is premised on the effect of the phrase "do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." According to White, that language prevented the application of any weapon enhancement at all to his sentence for robbery, the offense underlying his § 924 conviction.

In isolation, the language White points to could support the interpretation he urges us to adopt. However, given the particular weapons White chose to employ in carrying out the bank robbery, we cannot read the phrase upon which he relies without the context provided by the reasons the Sentencing Commission provided for amending the application note. The Commission explained that the amendment was a clarification rather than a substantive change to the guideline and was "intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." U.S. Sentencing Guidelines Manual app. C, vol. II, at 70 (2003) (emphasis added).

The two punishments that White received were not predicated on substantially the same harm. See White, 222 F.3d at 375 (noting that there is a "'substantive and

substantial' difference" between carrying a gun and carrying a bomb while committing a crime). There can be no question that bombs and other explosive devices can inflict property damage, injury, and death on a much greater scale than firearms, knives, or other nonexplosive weapons. Though White's bomb was fake, the robbery guideline does not differentiate between real and fake bombs. Because of the qualitative difference between the weapon that formed the basis for the enhancement to his robbery sentence and the weapon that was the subject of his § 924 conviction, we conclude that Amendment 599 does not affect the treatment of the unusual fact situation presented by White's crime.

Because the new language does not change the components of the guideline calculation, there has been no lowering of the sentencing range by the Sentencing Commission. Without satisfaction of that threshold requirement, White has no claim for relief under § 3582(c)(2). See United States v. Alcala, 352 F.3d 1153, 1157 (7th Cir. 2003).

## CONCLUSION

Based on the foregoing, White's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 27, 2007